# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND



Chambers of
Matthew J. Maddox
United States Magistrate Judge
MDD_MJMChambers@mdd.uscourts.gov

101 West Lombard Street
Chambers 3B
Baltimore, Maryland 21201
(410) 962-3407

March 31, 2023

TO ALL COUNSEL OF RECORD

Re:  *Maurice K. v. Kijakazi*
     Civil No. MJM-22-388

Dear Counsel:

On February 15, 2022, Plaintiff Maurice K. commenced this civil action seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA," "Defendant") denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI, respectively, of the Social Security Act. (ECF 1). Pending before the Court are Plaintiff's Motion for Summary Judgment (ECF 11) and Defendant's Motion for Summary Judgment (ECF 13).[1] I have reviewed the pleadings and the record in this case and find that no hearing is necessary. Loc. R. 105.6. (D. Md. 2021).

The Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); *Shinaberry v. Saul*, 952 F.3d 113, 123 (4th Cir. 2020). Under this standard, Plaintiff's motion will be granted in part, Defendant's motion will be denied, and the SSA's decision will be remanded for further consideration in accordance with this opinion.

## I.  Background

Plaintiff initially filed his application for DIB and SSI in 2013, alleging disability beginning on February 1, 2013. (R. 545–51, 552–55). Plaintiff's application was initially denied (R. 99-108, 109-18, 119, 120, 252–59), and the initial determination was affirmed upon reconsideration (R. 121, 122, 123–32, 133–42, 260–64). After a hearing on July 2, 2015, an Administrative Law Judge (ALJ), Francine L. Applewhite, issued a decision on October 19, 2015, finding Plaintiff not disabled. (R. 143–57, 167–81). On October 6, 2016, the Appeals Council

---

[1] The parties have consented to proceed before a United States magistrate judge pursuant to 28 U.S.C. § 636(c). (ECF 5).

*Maurice K. v. Kijakazi*
Civil No. MJM-22-388
March 31, 2023
Page 2

denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. (R. 158–66, 182–90).

Plaintiff then applied for DIB and SSI on March 21, 2017, with an alleged onset date of September 1, 2012. (R. 232). His applications were denied initially and upon reconsideration. (*Id.*) A hearing was held on February 5, 2019, and although he failed to appear at the meeting, Plaintiff through his counsel amended his alleged onset date to August 20, 2017. (R. 93–98). After another hearing on June 12, 2019 (R. 73–92), ALJ Milagros Farnes, issued an unfavorable decision on July 2, 2019. (R. 232–41). On July 15, 2020, the Appeals Council issued a remand order directing the ALJ to (1) "[o]btain evidence from a Nephrologist or other medical expert to help determine the severity of and functional limitations resulting from the claimant's impairments"; (2) "[e]valuate the severity of and functional limitations resulting from CKD and hypertension"; and (3) "[f]urther consider the claimant's residual functional capacity during the entire period at issue, and provide rationale with specific references to evidence of record in support of assessed limitations." (R. 249). "In so doing," the ALJ was directed to "evaluate all medical opinions, and explain the weight given to such opinion evidence. In addition, consider the statements of all non-acceptable medical sources and all nonmedical sources when evaluating the severity and functional effects of the medically determinable impairments." (*Id.*)

On remand, ALJ Farnes held a telephone hearing on March 3, 2021. (R. 44–72). Plaintiff, who was represented by counsel, testified at the hearing. (R. 53–67). An impartial vocational expert also appeared and testified. (R. 67–72). Following the hearing, ALJ Farnes issued a decision dated August 6, 2021, finding Plaintiff not disabled. (R. 21–36). The Appeals Council denied Plaintiff's request for review on October 18, 2021, and the ALJ's decision became the Commissioner's final decision. (R. 5–12). Plaintiff then commenced this civil action seeking judicial review under 42 U.S.C. § 405(g).

## II.     **The SSA's Decision**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In determining Plaintiff's disability claims, the ALJ followed the five-step sequential evaluation of disability set forth in 20 C.F.R. § 416.920.

> To summarize, the ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work.

*Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015).

*Maurice K. v. Kijakazi*
Civil No. MJM-22-388
March 31, 2023
Page 3

If the first three steps do not yield a conclusive determination of disability, the ALJ then assesses the claimant's residual functional capacity ("RFC"), "which is 'the most' the claimant 'can still do despite' physical and mental limitations that affect her ability to work." *Id.* at 635 (quoting 20 C.F.R. § 416.945(a)(1)). The ALJ determines the claimant's RFC by considering all of the claimant's medically determinable impairments, regardless of severity. *Id.* The claimant bears the burden of proof through the first four steps of the sequential evaluation. *Id.* If she makes the requisite showing, the burden shifts to the SSA at step five to prove "that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." *Lewis v. Berryhill*, 858 F.3d 858, 862 (4th Cir. 2017) (quoting 20 C.F.R. §§ 416.920, 416.1429).

When mental impairments are alleged, the ALJ must apply the "special technique" to determine the severity of the mental impairments. 20 C.F.R. § 404.1520a. The ALJ is required to rate the limitations in four broad functional areas: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself (known as "paragraph B criteria" for mental disorders). *Id.* § 404.1520a(c)(3). The ALJ uses a five-point scale to rate a claimant's limitations in these functional areas: none, mild, moderate, marked, and extreme. *Id.* § 404.1520a(c)(4). The rating is based on the extent to which the claimant's impairment "interferes with [her] ability to function independently, appropriately, effectively, and on a sustained basis." *Id.* § 404.1520a(c)(2). If rating of a limitation is "none" or "mild," then the ALJ generally concludes that the mental impairment is not severe. *Id.* § 404.1520a(d)(1).

In this case, at step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of April 5, 2015. (R. 24). At step two, the ALJ found that Plaintiff had the following severe impairments: obesity, chronic kidney disease, history of acute renal failure secondary to dehydration, status post gunshot wounds, arthritis, degenerative joint disease, degenerative disc disease, hypertension, history of alcohol, cocaine, and marijuana abuse, adjustment disorder with depressed mood, and post-traumatic stress disorder. (*Id.*) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 25). Then, the ALJ found that Plaintiff had the RFC to "perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except the claimant can have occasional contact with coworkers. The claimant can have no contact with the public. The claimant is limited to no production rate or pace work, that is defined as no assembly line or fast-paced production. Due to issues with pain, the claimant would be off task 10% of the workday." (R. 28). At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. (R. 34). Additionally, at step five, the ALJ found, based on testimony from a vocational expert (VE), that Plaintiff was capable of performing other work in the national economy, including industrial cleaner, warehouse worker and laborer. (R. 35). Therefore, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act. (*Id.*)

## III.   **Standard of Review**

The Court reviews an ALJ's decision to ensure that the ALJ's findings "are supported by

*Maurice K. v. Kijakazi*
Civil No. MJM-22-388
March 31, 2023
Page 4

substantial evidence and were reached through application of correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," which "consists of more than a mere scintilla of evidence but may be less than a preponderance." *Id.* (internal quotation marks and citations omitted). In accordance with this standard, the Court does not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (internal brackets and citations omitted). Instead, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.* (citation omitted).

## IV.   Discussion

Plaintiff first challenges the ALJ's assessment of his RFC. Specifically, Plaintiff argues that the ALJ "failed to provide an adequate explanation to support her finding that the Plaintiff would be off task 10 percent of the workday." (ECF 11-1 at 6). The Court agrees with Plaintiff.

"RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." Social Security Ruling ("SSR") 96-8P, 1996 WL 374184, at *1 (S.S.A. July 2, 1996). The RFC assessment represents the most a claimant can do despite any physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). Thus, when an ALJ assesses a claimant's RFC, he is expressing it in terms of the claimant's maximum remaining ability to perform sustained work. *See* SSR 96-8p, 1996 WL 374184, at *2. The RFC assessment must be based on all of the relevant evidence in the case record, such as: medical history; medical signs and laboratory findings; treatment records; reports of daily activities; lay evidence; medical source statements; effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment; evidence from attempts to work; need for a structured living environment; and work evaluations, if available. *See* SSR 96-8p, 1996 WL 374184, at *5. But age and body habitus are not factors in assessing RFC. *Id.* at *1. "In performing this assessment, an ALJ 'must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (*e.g.*, laboratory findings) and nonmedical evidence (*e.g.*, daily activities, observations).'" *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (citing *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015)). "In other words, the ALJ must both identify evidence that supports [their] conclusion and 'build an accurate and logical bridge from [that] evidence to [their] conclusion.'" *Id.* (citing *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)).

In assessing Plaintiff's RFC, ALJ Farnes summarized Plaintiff's testimony and medical records. (R. 28–31). The ALJ then evaluated the two prior hearing decisions: (1) the ALJ's 2019 decision and (2) the 2015 decision by ALJ Applewhite. (R. 31–32). ALJ Farnes stated:

Regarding Judge Applewhite's decision, I give only some weight to that decision because it is over five years old, and the evidence of record as of the amended alleged onset date supports severe physical and mental impairments, particularly chronic kidney disease, hypertension, history of alcohol, cocaine, and marijuana

*Maurice K. v. Kijakazi*
Civil No. MJM-22-388
March 31, 2023
Page 5

abuse, adjustment disorder with depressed mood, and post-traumatic stress disorder. (Exhibit B1F/16; Exhibit B4F/5-6; Exhibit B6F; Exhibit B12F/1, 12-13, 27; Exhibit B17F/37). Accordingly, I have limited the claimant to work at the medium exertional level in the residual functional capacity above with additional mental and off task limitations. Regarding my prior decision from July 2, 2019, I give that decision some weight because I find that the evidence of record as a whole continues to support a reduction to the medium exertional level; however, the claimant would be off task ten percent of the workday rather than five percent of the workday. During the October 10, 2017, psychological consultative examination, the claimant had mild difficulty following a three-step command and following conversation. (Exhibit B6F/5). At the hearing, the claimant testified that he has constant pain from prior gunshot wounds, and his body is getting worse as he gets older. (Hearing Testimony). He also reported that he has to take his time when climbing stairs. (Hearing Testimony). Accordingly, I find that the evidence as a whole supports an off task limitation of ten percent out of the workday.

(R. 32). It appears that the ALJ's finding of the off task limitation was based on a psychological consultative examination conducted in 2017 and Plaintiff's testimony. However, other than a general statement that "the evidence as a whole supports" such limitation, the ALJ did not provide adequate explanation how the evidence supports the finding that Plaintiff would be off task 10 percent of the workday. (*Id.*)  As such, the Court cannot conclude that the ALJ's decision is supported by substantial evidence. A remand is therefore warranted.

Because the case is being remanded for the reason stated above, I express no opinion as to Plaintiff's other arguments. The ALJ may address those arguments on remand.

**V.     Conclusion**

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment (ECF 11) will be granted in part, and Defendant's Motion for Summary Judgment (ECF 13) will be denied. The case will be remanded for further proceedings in accordance with this opinion.

A separate Order will follow.

Sincerely,

/S/
Matthew J. Maddox
United States Magistrate Judge